Will the clerk please call the next case? 116.89. Crane, Inc. v. Martin-Alvarez Counsel, you may proceed. Good morning, Your Honor. As the name please of the court. My name is Alex Humber, and I represent the appellant in this matter, Martin-Alvarez. This matter is before the court to resolve one issue only, and that issue is whether the award by the Commission affirming the arbitrator's award of 109 weeks and 2 days of benefits for my client's time off work with restrictions was against an antithesis of the evidence. Your Honor, that 109 weeks is comprised of approximately three sections of time. The first section of time is not in dispute. That's the time period between September 16, 2012 and July 21, 2013. We're only talking about the lumbar spine injury, correct? That's the lumbar spine. The other one references, vague references to the other cervical spine. That's not in this appeal, correct? The cervical spine was determined by the Commission to not be related, and so that's the second time period that I'll talk about here. July 21, 2013 through June 16, 2014 was when he was off work due to his cervical spine only. Did you take an appeal? No, Your Honor, we did not take an appeal on the cervical spine issue. Okay, so that's not an issue for today, then is it? I'm not taking issue with July 21 to June 16, 2014. What I am taking issue with is July 21, 2013 through June 16, 2014. June 16? 2014, correct. Didn't the Commission award TTD for two different time periods, that being September 16th of 2012 to July 21st of 2013, and then July 25th of 2013 to October 23rd of 2014? That's correct. That was what the Commission mentioned in their decision, and that was affirming the arbitrator's award for those time periods. However, they didn't mention these other specific time periods that I'm bringing up, which I think was part of the problem here. It's difficult to define what the Commission's reasoning was for not mentioning these particular time periods because they didn't mention it in their decision. They pretty much just said we find no reason to disturb the arbitrator's award regarding these issues, and they gave no reasoning for that. But I think it's important to note these time periods because it was testified to that on June 16, 2014, the petitioner, Merton Alvarez, went back to his employer and requested to go back to work. His employer told him at the time that they would not take him back to work unless he was free of any restrictions. So that means that they would never take him back to work because everyone agrees that the restrictions related to his lumbar spine, which were related, the Commission deemed were related, those restrictions were permanent, and that's not a dispute. And so when they refused to take him back to work after June 16, 2014, they were saying we're never going to take this guy back to work because he has permanent restrictions, and we're not going to take him back unless he's free from all restrictions. Did he return to light-duty work on July 22, 2013? 2013. I'm discussing June of 2014. Okay. And so he returned for about two days on July 21 under lumbar spine restrictions, and then he had cervical issues, went off work for the cervical issues for about 11 months, and then he requested to go back to work in June of 2014, June 16, 2014. He was told by his supervisor, Mr. Carver, that they would not take him back unless he was free of all restrictions. That was his testimony at trial. Mr. Carver was present at the hearing, and no rebuttal of that testimony was made, that he told him that he would not take him back unless all restrictions were gone. What about Dr. Bernstein's opinion that on October or opinion given on October 3, 2013, that he had reached MMI with regards to the lumbar injury? He had reached MMI in regards to the lumbar spine injury. I don't think that's in dispute. The issue is whether or not they were willing to take him back to work and whether or not work was available for him, and therefore whether they owed him maintenance benefits as a result. He did go back to work for three days, and then he was taken off work due to the C-spine injury. Due to the C-spine injury, correct. And then 11 months later, he tried to get work again and was refused work under any circumstances due to permanent restrictions due to his lumbar spine. So they told him at that time that they wouldn't take him back. Even if he didn't have the C-spine injury, they wouldn't take him back because they wouldn't take him back unless he had no restrictions. And so our position is that based on that evidence, the commission was relying on the testimony of our—the commission doesn't state it. And so I think we have to look at the manifest way of the evidence and review what they could have relied upon because they didn't tell us what they relied upon. And I think that there is enough evidence here for the commission to reasonably have relied upon to form a conclusion that after June 16, 2014, when Mr. Garber told my client that he was not able to come back to work unless he was free of all restrictions, that as a result of that testimony, they could affirm the arbitrator's award. All right. Are you blending two different considerations here? You're saying that his lumbar spine condition had not stabilized by July 21, 2013, and he was not able to return to work at that time? No, that's not what I'm saying. I believe that his lumbar spine condition had stabilized on July 18th, I believe, was when his doctor, Dr. Gunine, placed him at MMI for the lumbar spine, and he had an FCE giving him permanent restrictions. Okay. So then why is he entitled to TTD after that date? On the spine? I'm not making the argument that he's entitled to TTD. I'm making the argument that he was entitled to maintenance benefits. And the maintenance benefits, I believe, are entitled in this case because he was unable to work and was unable to find work in this manner. Weren't you appealing whether the award of TTD benefits from July 21, 2013 to October was against the manifest way of the evidence? I am, and I believe that the commission made a mistake in naming it TTD, but I don't think that that eliminates the manifest way of the evidence that he was entitled to benefits for those weeks. Are you sort of saying there might be some permanent disability compensation out there that he should have got? Well, there certainly is permanent disability, but that wasn't at issue at trial. It was under a 19BAA petition, so that would be worked out later on. But the argument that we're making is that he was entitled to maintenance benefits for the time period that his employer refused him work under any circumstances, and that's what we're relying on. Okay. So we use our position that the appellant showed at trial that there was no work for him and the result was a lumbar spine condition. Pursuant to the Galentine case and Land O'Lakes Commission, I believe that that is enough for the commission to award benefits for maintenance under these conditions. Run that by me again. I'm sorry. I didn't know where you were going with those cases. Those cases essentially state that if the petitioner shows at trial that he's disabled and has restrictions as a result of work injury, which no one disputes those two prompts, and that he's unable to find work as a result of that work injury, Section 19A of the Act states that they must provide him with vocational counseling and maintenance as a result of that. Maintenance has to be awarded as part of a rehabilitation plan. What self-directed activity did he engage in to find work? So one self-directed thing that he did was his testimony at trial that he did try to find work with his employer themselves. Other than that, there was limited testimony at trial regarding any work search. Do you think that's a problem? I think that it makes it more difficult, that my case is more difficult as a result of that, but I don't think that it would make it against the manifest way of the evidence. What if the commission determined that his failure to attempt to get work within his restrictions, other than to ask his employer to put him back to work, was not sufficient in order to entitle him to maintenance benefits? And if there's no evidence that he did anything, why couldn't the commission draw that conclusion? Well, like I said before, it's difficult to define the commission's reasoning for their decision, from their decision, because it's kind of a single line in the commission's decision that they affirm and doubt the arbitrator's decision and find no reason to dispute anything other than the causation that they address. I have a question procedurally. You took this on review from the arbitrator, right? No, we won at the arbitration level. Yes, right. And then we responded and appealed to the commission. So their adoption was, okay. The commission reversed part of the arbitrator's decision and adopted the remainder of the decision. Now let me just ask this basic question on review. Even though you didn't seek review, correct? Correct. Okay. You knew there was a review going to go on, correct? From the arbitration level? No. You have an arbitrator award, correct? And now that's going to be reviewed by the commission, correct? Correct. Okay. That's the instigation of the employer, correct? Correct. Okay. You're aware that that's going to happen, correct? We were when they filed it, yes. Yes. Right. You're aware that they're moving on to the commission level. Correct. Is there any procedural route that you can take to request that those specific findings be made in any commission decision? Which specific findings are you referring to? Addressing the issues, like you said. Addressing the issue of maintenance? Yes. Well, we could have appealed ourselves. Correct. The commission's decision. Well, now what you're following the commission's decision on the drafting of the commission's decision that they didn't address something, right? I am, yeah. Well, in a sense they addressed it, but I think that they mislabeled it. They addressed that he was due 109 and 27 weeks of benefits, but they called it TTD benefits. Did you claim maintenance? At the time of trial, the attorney that tried the case did not claim maintenance benefits. Well, it's kind of hard to fault the commission at that point, isn't it? I understand that, but I do believe it is within the province of the commission to go beyond what the attorneys claim in the stipulation sheet. Well, the question is they may have the province to do so, but are they required to do it? Right. If they're not required to do it, where's your argument? I'm just reading the conclusion of your brief. You say that this is the entirety of the conclusion of your brief. The commission correctly awarded defendant temporary total disability benefits from July 21, 2013 to October 23, 2014, and the findings related to TTD were not against the manifest weight of the evidence. I mean, you frame it as TTD. I apologize for that paragraph, Your Honor, because that's a mistake. The argument that we're trying to make is that it should have been maintenance benefits, not TTD benefits. When did you realize that? Well, we realized that's the argument that we essentially made in our brief, that the entirety of the brief is in regard to maintenance benefits, the conclusion. Your Honor, I apologize. The wording was incorrect there. But the remainder of the brief is in regards to maintenance benefits. I'm back to the question he asked before. What rehabilitation program would this maintenance have been incident to or incidental to? There was no specific vocational rehabilitation program. I do believe that there is case law that the commission can rely on the petitioner's own job search. No question he can't. So what job search did he conduct, other than go back to his employer and say, put me back to work? I think the only evidence of a job search is what you just stated. Would you consider that to be a vocational rehabilitation program? I consider it to be part of an employee's own job search and evidence for a job search that he was willing to go back to work. So in other words, we should write an opinion that says that if the employer does not put the employee back to work within his restrictions, that the employee can sit on his hands, do absolutely nothing and collect maintenance. I think that you can write an opinion stating that the commission is not outside the manifest with the evidence if they show that they attempted to go back to work or refused work.  Well, I'm attempting to affirm the commission's award of benefits, but it's a different type of benefits. Well, counsel, you didn't cross the field. Excuse me. You didn't seek review at a lower level. Your notice of appeal simply requests reversal of the circuit court's decision that reversed the commission. You want the commission's decision reinstated. The commission did not award maintenance benefits, did it? No. And how would that help you to have it reinstated? I believe that the commission's decision regarding the amount of weeks that were entered was correct. So you just want us to say it's a Scrivener's error? Correct. Okay. Under the law. Right. Okay. Thank you. You have time in reply. Counsel, you may respond. Good morning, Your Honor. This is Mr. Wimert Daniel Egan on behalf of the employer Sievert, I'm sorry, Illinois Crane Incorporated. I'll pick up where your comments were questioning him regarding maintenance. The first time maintenance was ever mentioned was in this brief. I tried the case. I was present before trial. I filled out the request for hearing sheet, which is a record. The request for hearing sheet on the back side or page 2, however you want to describe it, has several areas on there that you'll see when you look at the record. The first is petition claims he was entitled to TTE benefits from blank through blank. And I believe that this request for hearing sheet will reflect that he claimed he was entitled to benefits from September 16, 2012, through July 21, 2013, which is the lumbar spine. And then that he was entitled to TTE benefits from, I think it's July 25, 2013, through the present or maybe the date of trial, which is October 23, 2014. I believe line 2 on the back side says, inquires as to temporary partial or TPD from what date to what date. There was no claim for that. We agree with that. The third line under that paragraph on page 2 of the request for hearing sheet refers to maintenance. There was no claim for maintenance. The first time maintenance is brought up again is in their brief before this court. If they wanted maintenance, they had to claim it at the arbitration level. They should have reviewed that issue at the commission level. I don't know, and we're not here to debate this, if they had to file their own separate circuit court appeal or if they could have tailed on to my appeal for that. We're not here to discuss that. Because that never happened. That never happened. So when I got this brief, that's the first time we saw the argument on maintenance. It's waived. Plain and simple. That's waived. a year earlier. I believe the one in July of 2013 said he could lift 20 pounds. I believe the one in June of 2014 said he could lift 10 pounds. And when we asked his treating doctor what was the basis for the change, the treating doctor, Dr. Ganian, said it was because of his neck, which the commission said is not related. So the change in his condition, the greater restriction, is because of his cervical spine. Had he come back with a 20-pound restriction, perhaps we could have accommodated that. Counselor? We had before. Yes, sir. An appellant's brief reference is made to TTD maintenance benefits. What is that? I can't answer. It's not in my brief. Let me rephrase. I know that maintenance can equate to TTD under Section 8A, but it doesn't always equate to TTD. Is there such a thing as TTD maintenance? TTD maintenance? No. It's either TTD under 8B or maintenance under 8A. They're separate forms of temporary benefits, correct? Correct. With separate requirements. Excuse me? Separate requirements. Separate requirements. Outlined in the act. Outlined in the act, yes, sir. The only evidence of a job search, if you will, was when he presented to us with a slip asking to be put back to work. He came to us. He agreed. He came to us through a temp agency. Never went back to the temp agency at any point in time during the litigation up until October of 2014 seeking work. And I think, as your Honor has correctly pointed out, you can't simply award benefits if you're so inclined to adopt this maintenance theory. You can't award these benefits simply because he showed up one time at our place of employment asking to be put back to work. Didn't do anything else. That's not job search. I believe there's case law on that. But you simply can't prove that you did not work. You have to do something to show affirmatively that you were looking for work. And it's lacking. As I understand counsel's argument, he concedes that the period of July, I think, 25, 2014 through June 16 of 2014, he had no issue with the circuit court vacating the commission's award benefits, TTT benefits. If I understand his argument correctly, he's only seeking benefits before this court for the period of June 16, 2014 through October 23, 2014. And, again, he didn't claim maintenance at trial or before trial. He had a greater restriction on him in June of 2014 than he had beforehand due to his cervical spine and not his lumbar spine. His lumbar spine, it's agreed, had reached maximum medical improvement as of July 2013. I would ask Your Honors to affirm the finding of the circuit court and vacate that entire period of TTD that the commission awarded, which we contest as both contrary to law and manifest way to the evidence. Thank you. Thank you, counsel. Counsel, you may reply. Thank you, Your Honors. I'll keep brief and reply. Just one thing that I wanted to reply on. When you answer the overarching question that seems to be hanging in the air, how do you respond to his argument if your claim for maintenance benefits has been waived because you never raised it before the arbitrator or the commission? Your Honor, I think that the commission has the promise to, as I said before, go beyond what the stipulations are and, in the interest of fairness,  and I think that they did that in this case. And we did bring up maintenance benefits before this brief. We brought up. Well, how did you even raise it in this brief? This is the thing. I'm not sure why we should count a surprise argument being raised, a moral argument, when it is not addressed in the brief. I read to you the conclusion of your brief, the same conclusion that's in your reply to it, and it is specific to TTD, saying that the commission correctly awarded TTD. You refer in your brief to TTD maintenance benefits. There is no such thing. There are temporary benefits that can include TTD. They can include maintenance. We're trying to discern what it is that you're actually arguing when we read your brief. What is TTD maintenance? Well, isn't it possible for someone to be on TTD and also be enlisted in a vocational rehabilitation program that would also entitle them to maintenance benefits? No. He only gets maintenance benefits after he's reached MMI. It has to be a vocational rehabilitation program begun after. Maintenance is incident to a vocational rehabilitation program post-MMI. Prior to MMI, he's entitled to TTD. I think what I'm alluding to when I discuss TTD maintenance is the error that I see the commission making in assigning this number 109 to 7 weeks as TTD, as opposed to what I believe the reasoning was, which wasn't stated, was that he was entitled to maintenance benefits. Counsel, what it appears to me is a recognition that your ship sailed when a claimant failed to seek review of the commission's decision in the circuit court to have that clarified, that it should have been maintenance and not TTD. And it is not something that can be resurrected on appeal in this court. I will agree with Your Honor that I wish the procedural posture was cleaner in regards to this issue, but I do think that the commission's determination to award 109 and 2 seventh weeks of benefits would be within the manifest way of the evidence. And for that reason, I wish that you would have furthered their decision. Thank you, counsel. Thank you, counsel, both for your arguments in this matter. It will be taken under advisement. The written disposition shall issue. The court will stand in brief recess.